IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JENNA EDWARDS**,

        Plaintiff,

v.

**INTERNATIONAL CHURCH OF THE FOURSQUARE GOSPEL (DBA CANBY FOURSQUARE,** *et al.*,

        Defendants.

Case No. 3:24-cv-943-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

On April 17, 2024, Plaintiff filed this suit against Defendants in Clackamas County Circuit Court. Defendants were served with process on May 2, 2024. On June 12, 2024, Defendants filed a notice of removal to this federal court. On July 12, 2024, Plaintiff filed a motion to remand, arguing that Defendants' notice of removal was untimely. On October 8, 2024, the Court denied Plaintiff's motion to remand. ECF 17. The Court explained that although Defendants' notice of removal was defective under 28 U.S.C. § 1446(b), Plaintiff's statement of her domicile in her motion to remand confirmed that the Court had diversity jurisdiction over the case. *Id.* The Court concluded that it would be a waste of resources to remand this case to state court, only for Defendants again to remove the case under 28 U.S.C. § 1446(b)(3). Plaintiff then filed a motion for reconsideration, which is now before the Court.

It is undisputed that the Court has diversity jurisdiction in this case. Defendant International Church of the Foursquare Gospel—of which the other entity defendants are merely "doing business as" entities—is incorporated and has its principal place of business in California. *See* Decl. of Joshua M. Best, ¶ 2 (ECF 8). Plaintiff states in her motion to remand that she is domiciled in Oregon and has never contended otherwise during the litigation. Plaintiff seeks $11,000,000 in damages. Thus, the parties have met the complete diversity and amount-in-controversy requirements established by 28 U.S.C. § 1332(a)(1). Neither party disputes this conclusion. Instead, the issue before the Court is the implication of a *procedural* defect in removal: whether Defendants' notice is untimely.

The presence of federal jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when the grounds for removability are presented on the face of a properly pleaded complaint. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (noting that "removability under [28 U.S.C.] § 1446(b) is determined through examination of the four corners of the applicable pleadings").

> If no ground for removal is evident in [the initial] pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

*Id.*; *see also* 28 U.S.C. § 1446(b)(1) (establishing the 30-day deadline for removal from the initial pleading); 28 U.S.C. § 1446(b)(3) (establishing that if a case as stated in the four corners of the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). Courts define "other paper" broadly to include informal

PAGE 2 – OPINION AND ORDER

communication such as email. *See Pelker v. Air & Liquid Sys. Corp.*, 2018 WL 679642, at *4 (D. Or. Feb. 2, 2018) ("'[R]esponses to requests for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails['] . . . have all been held to qualify as 'other paper.'" (first alteration in original) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007))).

As the Court explained in its Order Denying Remand, removal in this case is governed by § 1446(b)(3). Because the grounds for removability were not clear on the face of the complaint, § 1446(b)(1) does not apply.[1] In Defendants' response to Plaintiff's motion to remand, Defendants argued, and the Court agreed, that the "other paper" showing the removability of this case was Plaintiff's motion to remand. Plaintiff, however, filed this motion in federal court.

In her motion for reconsideration, Plaintiff brings the Court's attention to *Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772 (9th Cir. 1989). In *Peabody*, the Ninth Circuit held that a party's motion in federal court "could not trigger a right to remove *to* federal court" because those federal filings "never became part of the state record." *Id.* at 775 (emphasis in original). The Ninth Circuit explained: "[T]he record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable." *Id.* (quoting 1A J. Moore & R. Ringle, *Moore's Fed. Prac.*, ¶ 0.168[3.–5–6], at 598-99 (1987)); *see also Rossetto v. Oaktree Cap. Mgmt., LLC*, 664 F. Supp. 2d 1122, 1129-30 (D. Haw. 2009) ("Plaintiff's Motion for Remand does not provide the grounds for removal because

---

[1] In her complaint, Plaintiff merely alleged that "[a]t all times relevant to the acts alleged," she was a resident of Oregon, not that she was domiciled in or a citizen of Oregon. In its Order requesting supplemental briefing, ECF 13, the Court explained why this allegation of residence was insufficient to establish citizenship under § 1446(b)(1).

PAGE 3 – OPINION AND ORDER

the motion was filed in *federal* court." (emphasis in original)).[2] Because federal filings do not constitute an "other paper" that can trigger removal, and Defendants cite no "other paper" from which they discerned Plaintiff's domicile, the Court agrees that technically removal under § 1446(b)(3) had not been triggered. Thus, the parties triggered neither of the 30-day deadlines to remove under § 1446(b)(1) or (b)(3).

Defendants, however, cite *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013), in support of their argument that a defendant may remove to federal court when neither statutory deadline has been triggered based on the defendant's own information. In *Roth*, the defendant conducted its own investigation to confirm the removability of the case. *Id.* at 1125. The Ninth Circuit "conclude[d] that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Id.*

Here, Defendants did not conduct their own formal investigation, but instead removed based on an unconfirmed suspicion or "educated guess," as they characterize their basis for removal. The Ninth Circuit explained in *Roth* that "§ 1446(b)(1) and (b)(3) place strict limits on a defendant *who is put on notice of removability by a plaintiff*." *Id.* (emphasis added). This limiting principle prevents a defendant from sitting on documents that place them on notice and then removing when it is strategically advantageous to do so.[3] *Id.* On the other hand, a defendant should be able to remove outside of those limits based on its own information, and a plaintiff

---

[2] This is inconsistent, however, with the proposition that "informal communications," such as an email, can qualify as an "other paper."

[3] The Ninth Circuit emphasized that the concern that a defendant may delay removal for strategic advantage "is limited by the fact that a notice of removal must be filed, in any event, within one year of the commencement of the action." *Roth*, 720 F.3d at 1126.

PAGE 4 – OPINION AND ORDER

should not be able to fail to reveal information showing removability and then object to removal when a defendant discovers removability on its own. *Id.*

Principles underlying *Roth* apply with sufficient force to the circumstances of this case. Before removing, Defendants were not put on notice by Plaintiff that this case was removable. Instead, Defendants removed based on their belief that diversity jurisdiction existed, despite their awareness that the complaint on its face did not clearly establish that fact. If Defendants were incorrect that Plaintiff was domiciled in Oregon, or that the complaint was not clear on its face, then Defendants would lose a motion to remand. Otherwise, applying the Ninth Circuit's analysis in *Roth*, Defendants properly and timely removed. Because Defendants were correct that Plaintiff is domiciled in Oregon and the Court agrees that the complaint is not clear on its face and thus did not trigger the 30-day deadline under § 1446(b)(1), Defendants' removal is timely under *Roth*. The Court therefore denies Plaintiff's motion for reconsideration on these grounds.

Alternatively, even if the Court did not apply *Roth* to deny Plaintiff's motion, the Court denies Plaintiff's motion under Rule 1 of the Federal Rules of Civil Procedure. Removability is triggered based on the face of the applicable documents, not the subjective knowledge of a defendant. *See Harris*, 425 F.3d at 694. Because Plaintiff's filing in federal court does not count as an "other paper," there has been no filing sufficient to trigger § 1446(b)(3). If the Court were to remand this case, however, Defendants could immediately either obtain by email, a request for admission, or a brief and focused deposition the fact of Plaintiff's domicile, because discovery about a jurisdictional matter is not irrelevant. Plaintiff would be required truthfully to admit that her domicile is in Oregon. Any of these methods would trigger the 30-day deadline under § 1446(b)(3). Defendants could then immediately remove the case again, which would

undeniably be proper. The Court declines to place form over substance and waste the parties' time and resources in such a manner.[4]

The Court DENIES Plaintiff's Motion for Reconsideration, ECF 18.

**IT IS SO ORDERED**.

DATED this 23rd day of December, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[4] Plaintiff argues that there likely would be insufficient time for Defendants to obtain the necessary jurisdictional discovery. This case was filed on April 17, 2024. It is now December 2024. Absent impermissible delay or gamesmanship by Plaintiff, Defendants have more than enough time to obtain a simple answer about Plaintiff's domicile.